**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**

DOUGLAS TERRY, individually and on behalf of all others similarly situated,

*Plaintiff*,

vs.

ORAL CARE DIRECT LLC,

*Defendant*.
_______________________________________________/

**CLASS ACTION**

**Case No.**

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

1. Plaintiff, Douglas Terry ("Plaintiff"), brings this action against Defendant, Oral Care Direct LLC ("Defendant"), to secure redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 and the Texas Business and Commerce Code §§ 302.101 and 305.053 ("TBCC").

## NATURE OF THE ACTION

2. This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., (the "TCPA") and the Texas Business and Commerce Code §§ 302.101 and 305.053 ("TBCC").

3. This case arises from Defendant's transmission of multiple unauthorized text messages to cellular telephones and violations of the National Do Not Call Registry of Plaintiff and others, without regard to consumers' consent or privacy rights.

4. Defendant is a dental care information and referral company that provides educational resources about dental services and connects consumers with dental providers for consultations and treatment options, throughout the United States including the State of Texas.

5. To promote its services, Defendant engages in aggressive unsolicited telemarketing, harming thousands of consumers in the process. Defendant utilizes aggressive marketing to push its products and services without regards to consumers' rights under the TCPA and TBCC.

6. Through this action, Plaintiff seeks injunctive relief to halt Defendant's illegal conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals. Plaintiff also seeks statutory damages on behalf of himself and members of the class, and any other available legal or equitable remedies.

## JURISDICTION AND VENUE

7. Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute. Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because Plaintiff alleges a national class, which will result in at least one class member belonging to a different state than that of Defendant. Plaintiff seeks up to $1,500.00 (one-thousand-five-hundred dollars) in damages for each call in violation of the TCPA, which, when aggregated among a proposed class numbering in the tens of thousands, or more, exceeds the $5,000,000.00 (five-million dollars) threshold for federal court jurisdiction under the Class Action Fairness Act ("CAFA"). Therefore, both the elements of diversity jurisdiction and CAFA jurisdiction are present. This Court also has supplemental jurisdiction over Plaintiff's Texas state law claims under 28 U.S.C. § 1367.

8. Venue is proper in the United States District Court for the Northern District of Texas pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiff resides within this district, Defendant is deemed to reside in any judicial district in which it is subject to the court's personal jurisdiction, and because Defendant provides and markets its services within this district thereby establishing sufficient contacts to subject it to personal jurisdiction. Further, Defendant's tortious

conduct against Plaintiff occurred within the Northern District of Texas and, on information and belief, Defendant has sent the same telemarketing text messages complained of by Plaintiff to other individuals within this judicial district, such that some of Defendant's acts in sending such texts have occurred within this district, subjecting Defendant to jurisdiction in the Northern District of Texas.

**THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227**

9. In 1991, Congress enacted the TCPA to restrict the use of sophisticated telemarketing equipment that could target millions of consumers *en masse*. Congress found that these calls were not only a nuisance and an invasion of privacy to consumers specifically but were also a threat to interstate commerce generally. *See* S. Rep. No. 102-178, at 2-3 (1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1969-71.

10. The TCPA bans making telemarketing calls without a do-not-call policy available upon demand. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(d)(1).

11. The TCPA provides a private cause of action to persons who receive calls in violation of § 227(c) or a regulation promulgated thereunder. 47 U.S.C. § 227(c)(5).

12. Under the TCPA, a text message is a "call." *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951–52 (9th Cir. 2009).

**TEXAS BUSINESS AND COMMERCE CODE CHAPTER 302**

13. Recognizing the particular harm that unsolicited telemarketing poses, the Texas Legislature enacted Chapter 302 of the Texas Business and Commerce Code, which requires "sellers" making "telephone solicitations"—telephone calls initiated to induce a person to "purchase, rent, claim, or receive an item"—to register with the Texas Secretary of State. Tex. Bus. & Com. Code §§ 302.001, 302.101.

14. Specifically, Section 302.101 provides that a “seller may not make a telephone solicitation from a location in this state or to a purchaser located in this state unless the seller holds a registration certificate for the business location from which the telephone solicitation is made.” Tex. Bus. & Com. Code § 302.101(a).

15. “‘Telephone solicitation’ means “a call or other transmission, including a transmission of a text or graphic message or of an image, initiated by a seller or salesperson to induce a person to purchase, rent, claim, or receive an item. The term includes a telephone call a purchaser makes in response to a solicitation sent by mail or made by any other means.” Tex. Bus. & Com. Code § 302.001(7)

16. A “seller” is defined as “a person who makes a telephone solicitation on the person’s own behalf.” Tex. Bus. & Com. Code § 302.001(5).

17. Plaintiff is entitled to seek damages for violations of Texas Business and Commerce Code § 302.101 of up to $5,000 per violation, reasonable costs of prosecuting the action, court costs, investigation costs, deposition expenses, witness fees, and attorney’s fees. Tex. Bus. & Com. Code § 302.302.

**TEXAS BUSINESS AND COMMERCE CODE § 305.053**

18. A person who receives a communication that violates 47 U.S.C. § 227, a regulation adopted under that provision, or Subchapter A may bring an action in this state against the person who originates the communication for damages in the amount provided by this section. Tex. Bus. & Com. Code § 305.053(a)(2).

19. A plaintiff who prevails in an action for damages under this section is entitled to the greater of $500 for each violation or the plaintiff’s actual damages. Tex. Bus. & Com. Code § 305.053(b)(1)-(2).

## PARTIES

20. Plaintiff is a natural person who, at all times relevant to this action, was a resident of Dallas County, Texas.

21. Plaintiff is, and at all times relevant hereto was, an individual and the sole subscriber of the residential telephone number ending in 7354 (the "7354 Number") that received Defendant's text message solicitations.

22. Defendant's principal address is located at 42 SE Wyoming Blvd., Casper, WY 82609.

23. Defendant directs, markets, and provides its business activities throughout the United States, including the State of Texas.

24. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

## FACTUAL ALLEGATIONS

25. Defendant is a dental care information and referral company that provides educational resources about dental services and connects consumers with dental providers for consultations and treatment options, throughout the United States including the State of Texas.

26. Beginning at least in June 2026, Defendant sent or caused to be sent multiple telemarketing text messages to Plaintiff's 7354 Number, from short code 610748.

27. Plaintiff received messages on the following dates, including but not limited to those sent on June 20, 2026, June 21, 2026, August 3, 2026, August 5, 2026, August 7, 2026, August 11, 2026, August 12, 2026, and August 18, 2026, as shown below:


10:47
5G 98
610748
Saturday, Jun 20 • 3:38 PM
Texting with 610748 (SMS/MMS)
You can qualify for complimentary dental work or implants here. Don't wait -
Share screen with Live


10:50
5G 97
610748
Sunday, Jun 21 • 1:39 PM
You can qualify for complimentary dental work or implants here. Don't wait - Today only http://orl.oralcaredirect.com
Text ...


10:50
5G
97
610748
Monday, Aug 3 • 2:53 PM
You can qualify for complimentary dental work or implants here. Don't wait - Today only
http://orl
Text ...


10:51
5G
97
610748
Wednesday, Aug 5 • 3:13 PM
You can qualify for complimentary dental work or implants here. Don't wait - Today only
http://orl
.oralcared
com
Text ...


10:51
5G
97
610748
Friday, Aug 7 • 1:58 PM
You can qualify for complimentary dental work or implants here. Don't wait - Today only http://orl.oralcaredirect.com
Text ...


10:51
5G
97
610748
Tuesday, Aug 11 • 1:23 PM
You can qualify for complimentary dental work or implants here. Don't wait - Today only http://orl.oralcaredirect.com
Text ...







28. Defendant's text messages were transmitted to Plaintiff's cellular telephone, and within the time frame relevant to this action.

29. Defendant's text messages constitute telemarketing because they encouraged the future purchase or investment in property, goods, or services, i.e., promoting Defendant's dental care information and referral services.

30. The information contained in the text messages advertises Defendant's dental services and promotions, which Defendant sends to promote its business.

31. Defendant sent the subject texts within this judicial district and, therefore, Defendant's violation of the TCPA occurred within this district. Upon information and belief, Defendant caused other text messages to be sent to individuals residing within this judicial district.

32. Defendant's texts were not made for an emergency purpose or to collect on a debt pursuant to 47 U.S.C. § 227(b)(1)(B).

33. Plaintiff has no existing business relationship with Defendant.

34. At no point in time did Plaintiff provide Defendant with his express written consent to be contacted.

35. Specifically, Plaintiff never completed any type of form that clearly and conspicuously authorized Defendant to contact Plaintiff's residential cellular telephone with marketing text messages.

36. Plaintiff is the subscriber and sole user of the 7354 Number and is financially responsible for it.

37. Plaintiff's 7354 Number is his residential number which he uses for personal purposes. Plaintiff's 7354 Number is his primary way of being contacted in his home.

38. Plaintiff registered his 7354 Number with the national do-not-call registry on February 24, 2026, and has been registered at all times relevant to this action.

39. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

40. The text messages originated from at least telephone number(s) 610748, numbers which upon information and belief is owned and operated by Defendant or on behalf of Defendant.

41. On information and belief, Defendant sought a financial benefit from the telemarketing text messages it placed to Plaintiff and the putative class members, as it attempted to derive business from these messages.

42. Defendant's unsolicited text messages caused Plaintiff actual harm, including invasion of his privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Defendant's text messages also inconvenienced Plaintiff and caused disruption to his daily life.

## TEXAS TELEPHONE SOLICITATION REGISTRATION VIOLATIONS

43. On November 9, 2026, Plaintiff's counsel searched the Texas Secretary of State website at https://direct.sos.state.tx.us/telephone/TelephoneSearch.asp and found no telephone solicitation registration for Defendant.

44. Defendant has never been registered to telephone solicit in Texas or to Texas residents.

45. Each text message alleged herein was sent without a valid Texas telephone solicitation registration.

46. Defendant does not qualify for an exemption to the Texas telephone solicitation registration requirement.

## CLASS ALLEGATIONS

### PROPOSED CLASSES

47. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and all others similarly situated.

48. Plaintiff brings this case on behalf of the classes defined as follows:

> **<u>Do Not Call Registry Class:</u> All persons in the United States who from four years prior to the filing of this action (1) were sent a text message by or on behalf of Defendant; (2) more than one time within any 12-month period; (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; and (4) for the purpose of promoting Defendant's products and services.**
>
> **<u>Texas Do Not Call Registry Class:</u> All persons in Texas who from four years prior to the filing of this action (1) were sent a text message by or on behalf of Defendant; (2) more than one time within any 12-month period; (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; and (4) for the purpose of selling Defendant's products and services.**
>
> **<u>Texas Telephone Solicitation Registration Class:</u> All persons in the United States who, from four years prior to the filing of this action, (1) received a telephone solicitation, as defined by Tex. Bus. & Com. Code § 302.001(7), made from a location in Texas or to a purchaser located in Texas; (2) for the purpose of selling Defendant's products and services; and (3) at a time when Defendant did not hold a valid telephone solicitation registration certificate issued by the Texas Secretary of State pursuant to Tex. Bus. & Com. Code § 302.101.**

49. Defendant and its employees or agents are excluded from the classes. Plaintiff does not know the number of members in each class but believes the Class members number in the several thousands, if not more.

**<u>NUMEROSITY</u>**

50. Upon information and belief, Defendant has sent violative text messages to cellular telephone numbers belonging to thousands of consumers throughout the United States who are registered on the Do Not Call registry. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

51. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's text messages records.

**COMMON QUESTIONS OF LAW AND FACT**

52. There are numerous questions of law and fact common to the Classes which predominate over any questions affecting only individual members of the Classes. Among the questions of law and fact common to the Classes are:

a) Whether Defendant violated 47 C.F.R. § 64.1200(c);

b) Whether Defendant violated the TBCC;

c) Whether Defendant was registered to make telephone solicitations in Texas pursuant to Tex. Bus. & Com. Code § 302.10;

d) Whether Defendant's conduct was knowing and willful;

e) Whether Defendant violated the privacy rights of Plaintiff and members of the class;

f) Whether Defendant is liable for damages, and the amount of such damages; and

g) Whether Defendant should be enjoined from such conduct in the future.

53. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits text messages to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**TYPICALITY**

54. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**PROTECTING THE INTERESTS OF THE CLASS MEMBERS**

55. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Classes and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Classes.

**PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE**

56. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Classes is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Classes are in the millions of dollars, the individual damages incurred by each member of the Classes resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Classes could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

57. The prosecution of separate actions by members of the Classes would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Classes, although certain class members are not parties to such actions.

**COUNT I**
**Violation of the TCPA, 47 U.S.C. § 227**
**(On Behalf of Plaintiff and the Do Not Call Registry Class)**

58. Plaintiff repeats and re-alleges paragraphs 1 through 57 of this Complaint and incorporates them by reference herein.

59. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

60. 47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."[1]

61. 47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

62. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

63. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

---

[1] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003). Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

64. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

65. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

**COUNT II**
**Violation of the TBCC § 305.053**
**(On Behalf of Plaintiff and the Texas Do Not Call Registry Class)**

66. Plaintiff repeats and re-alleges paragraphs 1 through 57 of this Complaint and incorporates them by reference herein.

67. The TBCC provides: "A person who receives a communication that violates 47 U.S.C Section 227, a regulation adopted under that provision, or Subchapter A may bring an action in this state against the person who originates the communication for: (1) an injunction; (2) damages in the amount provided by this section; or (3) both an injunction and damages." Texas Bus. & Com. Code §305.053(a).

68. As set forth above, Defendant violated 47 C.F.R § 64.1200(c) of the TCPA's implementing regulations by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry.

69. Moreover, 47 C.F.R § 64.1200(e) provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

70. Under the TBCC, Plaintiff and the Class members are entitled to recover $500 in statutory damages for each violative text message. Texas Bus. & Com. Code §305.053(b).

**COUNT III**
**Violation of the TBCC § 302.101**
**(On Behalf of Plaintiff and the Texas Telephone Solicitation Registration Class)**

71. Plaintiff repeats and re-alleges paragraphs 1 through 57 of this Complaint and incorporates them by reference herein.

72. The Texas Business and Commerce Code requires sellers to obtain a registration certificate from the Secretary of State in order to make telephone solicitations inside the State of Texas or to residents located in the State of Texas. Tex. Bus. & Com. Code § 302.101.

73. "Telephone solicitation" means "a call or other transmission, including a transmission of a text or graphic message or of an image, initiated by a seller or salesperson to induce a person to purchase, rent, claim, or receive an item. The term includes a telephone call a purchaser makes in response to a solicitation sent by mail or made by any other means." Tex. Bus. & Com. Code § 302.001(7).

74. Defendant is a "seller" as defined under Tex. Bus. & Com. Code § 302.001(5), as it made telephone solicitations on its own behalf.

75. Defendant has never held a valid telephone solicitation registration certificate from the Texas Secretary of State.

76. No exemption under Chapter 302 applies to the telephone solicitations at issue.

77. The foregoing acts and omissions of Defendant and/or its affiliates or agents constitute multiple violations of Tex. Bus. & Com. Code § 302.101, by making unregistered telephone solicitations to Plaintiff's and the Texas Telephone Solicitation Registration Class's cellular telephone numbers without a valid registration certificate.

78. Plaintiff and the Texas Telephone Solicitation Registration Class are entitled to an award of all reasonable costs of prosecuting the action, including court costs, investigation costs, deposition expenses, witness fees, and attorney's fees. Tex. Bus. & Com. Code § 302.302(d).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Classes as defined above, and appointing Plaintiff as the representative of the Classes and Plaintiff's counsel as Class Counsel;

b) A declaration that Defendant's practices described herein violate the TCPA and the TBCC;

c) An injunction requiring Defendant to cease all text message solicitations to numbers on the Do Not Call Registry, to cease making telephone solicitations in Texas without a valid registration certificate, and to otherwise protect the interests of the Classes;

d) An award of actual and statutory damages for Plaintiff and each member of the Classes;

e) Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff and Class Members hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemizations associated with the allegations herein, including all records, lists, electronic databases or other itemizations in the possession of any vendors, individuals, and/or companies contracted, hired, or directed by Defendant to assist in sending the alleged communications.

Dated: November 11, 2026

Respectfully submitted,

**Shamis & Gentile, P.A.**
*/s/ Angelica Gentile*
Angelica Gentile, Esq.
Texas Bar # 24112322
agentile@shamisgentile.com
Christopher Berman, Esq.
cberman@shamisgentile.com
2626 Cole Avenue, Suite 300,
Dallas, TX 75204
Telephone: 305-479-2299

*Counsel for Plaintiff and the Classes*